United States District Court
Southern District of Texas
**ENTERED**
March 08, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JARVIS J. GRAYSON | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-0035 |
| | § | |
| WOOD GROUP PSN, INC., et al | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Jarvis J. Grayson filed this lawsuit on February 19, 2015, against Defendants Fieldwood Energy Offshore LLC (also known in this case as "GOM Shelf LLC")[1] and Wood Group PSN, Inc., alleging that he was injured during a basket transfer from a vessel onto an offshore fixed platform. Fieldwood and Wood Group both appeared timely. In May 2015, this case was reassigned to the undersigned judge. Dkt. 12. In June 2015, the Louisiana Workers' Compensation Corporation sought to intervene in the lawsuit. In July 2015, after the case had been on file for five months, this Court issued a docket control order setting the case for a jury trial in July 2016. Dkt. 19.

On August 7, 2015, Plaintiff filed his first Amended Complaint, naming three additional defendants—the M/V Miss Dee, *in rem*, and the parties alleged to be the vessel's owners and operators, Lafayette Marine, LLC and Gulf Logistics Operating, Inc. Dkt. 25. Lafayette Marine and Gulf Logistics were served, and filed their answer on October 8, 2015. Dkt. 33. In January 2016, however, Plaintiff changed his mind and filed

[1] GOM Shelf LLC is alleged to be a wholly-owned subsidiary of Fieldwood Offshore LLC.

a motion to dismiss Lafayette Marine and Gulf Logistics from the suit, without prejudice. Dkt. 36. That motion was granted. Dkt. 37.

In June 2016, shortly before the case was set for trial, Fieldwood filed a motion for summary judgment contending that Grayson was a "borrowed employee" under Louisiana law. Dkt. 54. That motion was briefed while the parties continued to prepare for trial, filing their pretrial memoranda, motions in limine, and other trial documents. Dkt. 55-75.

In early July 2016, Plaintiff informed the undersigned that he wished to again amend his pleadings, this time to bring Lafayette Marine and Gulf Logistics back into the case. Plaintiff contended that a June 2016 deposition had added new facts that supported the re-animation of his claims against Lafayette Marine and Gulf Logistics. The court allowed Plaintiff to again amend his pleadings to, again, name Lafayette Marine and Gulf Logistics. The Court continued the trial date, and allowed the newly re-included Defendants to file a motion transfer venue to the United States District Court for the Western District of Louisiana, Lafayette Division. That motion to transfer venue has now been fully briefed and is before the Court for consideration. Dkt. 115. Plaintiff opposes the transfer of this case to the Western District of Louisiana, Lafayette Division.

Based on the pleadings, the applicable law, and the reasons set forth below, the Motion to Transfer is **GRANTED**.

## STANDARD FOR CONVENIENCE TRANSFERS

28 U.S.C. § 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or

division where it might have been brought." The statute is intended to save "time, energy, and money while at the same time protecting litigants, witnesses, and the public against unnecessary inconvenience." *Republic Capital Dev. Grp., L.L.C. v. A.G. Dev. Grp., Inc.*, No. H–05–1714, 2005 WL 3465728, at *8 (S.D. Tex. Dec. 19, 2005). Motions to transfer venue under § 1404(a) are committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corp.,* 845 F.2d 523, 528 (5th Cir. 1988). The party seeking transfer has the burden of showing good cause for the transfer. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). The burden on the movant is "significant," and for a transfer to be granted, the transferee venue must be "clearly more convenient than the venue chosen by the plaintiff." *Id*.

A threshold question for a district court considering a Motion to Transfer Venue under 28 U.S.C. § 1404(a) is whether the suit could have been filed in movant's desired transfer venue. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004); *see also Wells v. Abe's Boat Rentals Inc., No.* CIV.A. H-13-1112, 2014 WL 29590, at *1 (S.D. Tex. Jan. 3, 2014). Here, Greyson is a citizen and resident of Louisiana. The movants, the recently re-added Defendants Lafayette Marine and Gulf Logistics, allege that all of the corporate defendants in this case are "Louisiana companies or companies operating in Louisiana." Dkt. 115. More specifically, Plaintiff contends that Defendants Lafayette Marine and Gulf Logistics are "Louisiana entit[ies]" with offices in Larose, Louisiana. Plaintiff further describes Defendant Wood Group PSN as "a Nevada corporation with its principal place of business in Houston, Texas", while movants point out that Wood

Group has offices in Lafayette, Louisiana. Defendant Fieldwood is a managing member of GOM Shelf, LLC, with offices in Lafayette, Louisiana.

The alleged injury occurred on a fixed platform located off the coast of Grand Isle, Louisiana-which is located in the Eastern District of Louisiana, not the Western District. Accordingly, venue in the Eastern District of Louisiana would be proper under 28 U.S.C. § 1391(b)(2).

But what about the Western District of Louisiana? Movants contend that Grayson is a resident of the Western District, and that this lawsuit could therefore have been filed in the Western District of Louisiana. Movants also point out that Defendants Wood Group and Fieldwood have offices in Lafayette, Louisiana, within the Western District of Louisiana. Plaintiff does not dispute that this lawsuit could have been filed in the Western District of Louisiana, conceding instead that "it is undisputed that Plaintiff could have originally filed his lawsuit in the Western District of Louisiana." Dkt. 118. Accordingly, the Court finds that this action could have been brought in the Western District of Louisiana. *See* 28 U.S.C. §§ 1391(b)-(d).

Next, the Court must determine whether on balance the transfer would serve "the convenience of parties and witnesses" and "the interest of justice." 28 U.S.C. § 1404(a) by weighing a number of private and public interest factors. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. The

public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law. *Id.* No one factor is given dispositive weight. *See Wells*, 2014 WL 29590 at *1 (quoting *Action Indus., Inc. v. U.S. Fidelity & Guar. Co*., 258 F.3d 337, 340 (5th Cir. 2004)). The Court analyzes these factors below.

**ANALYSIS OF TRANSFER FACTORS**

Although this case has proceeded in fits and starts, some discovery has been conducted. Movants allege that this discovery reveals approximately 20 possible fact witnesses. Of these witnesses, movants allege that key testimony at trial is anticipated from: (1) Plaintiff himself, as well as (2) Jonathan Fontenot, a crane operator employed by Defendant Wood Group, (3) Brent Raymond, an electrician employed by a non-party, (4) Walter Miles, a supervisor employed by GOM Shelf LLC, (5) Eric Clark, formerly a deckhand, and (6) Scott Schneider, formerly the captain of the M/V Miss Dee. Movants allege that five of these six witnesses either live in the Western District of Louisiana or are within its subpoena power, and the sixth is a Florida resident. Significantly, several of these key witnesses are not employed by a party to this lawsuit. Movants also point out that Plaintiff has identified a representative of his own Louisiana-based employer, Island Operating Company, as a possible non-party witness. Movants correctly point out that many of these witnesses are beyond the subpoena power of this Court, but are within the subpoena power of the Western District of Louisiana.

Further, according to Defendants, much of the document-based evidence on liability in this case will come from the Lafayette offices of the various defendants, or from Plaintiff's own employer, who has an office in Lafayette, Louisiana. The Court also notes that, in this personal injury lawsuit, important damages evidence is expected from Plaintiff's physicians and experts, as well as Defendants' experts on medical and damages issues. Movants contend that the overwhelming majority of these witnesses, and their supporting documentation, is located in Louisiana, and is more easily accessed from Lafayette than Galveston. Four of the five medical professionals listed as treating physicians in Plaintiff's witness list are in Louisiana. The fifth is located in at 4710 Katy Freeway, in Houston—over 50 miles from this Galveston courthouse. A sixth provider is also in Louisiana. Similarly, while Plaintiff's retained expert on damages, an economist, has an office in Houston, that office is 60 miles from the courthouse, and the vast majority of the documents that Plaintiff will rely on to support his claim for damages are expected to come from these Louisiana medical sources. Plaintiff's retained expert on safety standards is located in Pass Christian, Mississippi. In an attempt to balance the scales, Plaintiff points to two retained medical experts that it alleges are hired by "Defendants." Plaintiff correctly points out that these two witnesses are in the greater Houston metropolitan area (Methodist Hospital, 77030) and Sugar Land (77478), but Plaintiff fails to explain their relevance to this case as a whole.

The Court notes that the parties have not pointed to any site inspection or document cache issues that may be expected to arise. *See, e.g., Barnes v. Romeo Papa, LLC*, No. 3:12–CV–365, 2013 WL 3049236, at *2 (S.D. Tex. June 17, 2013) ("[B]ecause

this case is a personal injury action, it is unlikely to require extensive paper discovery or additional difficulties in accessing sources of proof."). In fact, there is a significant difference of opinion about how much discovery is still to be conducted—Plaintiff contends discovery is essentially complete, while the newly re-added movant Defendants point out that they have not yet taken their full bite of the proverbial apple. To support their point, movants have provided the Court with discovery recently propounded by Plaintiff, which does indicate that additional discovery remains to be conducted before this case is truly ready for trial.

In his response to the motion to transfer venue, Plaintiff primarily contends that the movant Defendants have not met their burden of showing that transfer is "clearly more convenient" and he argues that this case is "somewhat long in the tooth," so the motion should be denied. Given the unique procedural history of this case—a procedural history writ largely by Plaintiff himself—the Court disagrees.

**A. The Private–Interest Factors**

**1. The Relative Ease of Access to Sources of Proof**

The overwhelming majority of documents and evidence in this case will come from Louisiana sources—Louisiana medical providers, Louisiana companies, entities operating in Louisiana, or a plaintiff who is himself Louisiana resident. All of these are closer to Lafayette than to Galveston. Accordingly, this factor weighs in favor of transfer.

**2. The Availability of Compulsory Process to Secure the Attendance of Witnesses**

Under the Federal Rules of Civil Procedure, a district court may enforce a subpoena issued to a nonparty witness "within the state where the person resides, is employed, or regularly transacts business in person, if the person . . . would not incur substantial expense." FED. R. CIV. P. 45(c)(1)(B). As set out above, several key witnesses are outside the subpoena power of this Court, but not outside the subpoena power of the United States District Court for the Western District of Louisiana, Lafayette Division. Accordingly, this factor also weighs in favor of transfer.

**3. The Cost of Attendance for Willing Witnesses**

Neither the movants nor Plaintiff submitted evidence for the Court to consider regarding the travel costs, hotel costs, or other expenses for the cost of attendance for willing witnesses in this case. Given the complexities at issue here, and the variety of decisions that trial and litigation counsel may make in calling various witnesses, the Court declines to speculate as to this factor. Accordingly, this factor is neutral.

**4. All Other Practical Problems That Make Trial of a Case Easy, Expeditious, and Inexpensive**

Here, Plaintiff points to the age of the lawsuit, and the delay he has already faced, as a reason for this Court to deny the motion to transfer. The reality though, at least in this particular case, is that the delays here are due to decisions of Plaintiff himself. Again and again, he has asked for extensions, or to amend deadlines, or for other relief such as adding in defendants he previously dismissed. In light of the history of this case as whole, the Court finds that this factor is neutral, at best.

**B. The Public–Interest Factors**

**1. The Administrative Difficulties Flowing from Court Congestion**

Although both sides attempt to bring out various docket management statistics to argue in favor of their desired result, the plain fact is that *both* the United States District Court for the Western District of Louisiana, Lafayette Division and this Court have heavy dockets. However, in light of the efforts both courts have expended toward docket management and expediting civil trials under the amended Federal Rules of Civil Procedure, and in light of the particularly unusual procedural posture of this lawsuit, the Court finds that this factor is neutral.

**2. The Local Interest in Having Localized Interests Decided at Home**

In this personal injury lawsuit, plaintiff who is a Louisiana resident and who was employed by a Louisiana company, alleges that he was injured off the coast of Louisiana and he is suing multiple companies based upon their operations out of their offices in Louisiana. There is little, if any, connection to the Galveston area or even the state of Texas itself—Plaintiff did not seek treatment at local Galveston hospitals, none of the Defendants are alleged to have Galveston-based operations at issue in the suit, and none of the witnesses are alleged to live or work in the Galveston Division of the United States District Court for the Southern District of Texas. The Court finds that this factor weighs in favor of transfer.

**3. The Familiarity of the Forum with the Law that Will Govern the Case**

Both this Court and the United States District Court for the Western District of Louisiana are well-versed in the law at issue in this case. However, the Court notes that

certain Defendants have filed a pending motion for summary judgment that implicates Louisiana state law. Accordingly, this factor weighs slightly in favor of transfer.

**4. The Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

Neither movants nor plaintiff present any evidence regarding any conflict of law issues or questions requiring the application of foreign law. Accordingly, this factor is neutral.

**CONCLUSION**

After full consideration of the motion to transfer venue, the briefing in response, and the evidence submitted by the parties, as well as the docket and filings in this case as a whole, the Court finds that the Motion to Transfer Venue should be **GRANTED**, and this case is hereby **ORDERED** to be transferred to the United States District Court for the Western District of Louisiana, Lafayette Division.

Further, in light of the transfer of this case, Fieldwood's motion for summary judgment, Dkt. 54, is hereby **DENIED** as **MOOT**, without prejudice to re-urging.

**IT IS SO ORDERED.**

SIGNED at Galveston, Texas, this 8th day of March, 2017.

George C. Hanks Jr.
United States District Judge